IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-838-M-BM

ASHLEY GALLOWAY,                    )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )        **MEMORANDUM AND**
                                    )        **RECOMMENDATION**
FEDERAL BUREAU OF                   )
INVESTIGATION,                      )
                                    )
            Defendant.              )

This pro se case is before the court on the application [DE-2] by plaintiff Ashley Galloway ("plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1).

On January 7, 2026, the court issued an order [DE-4] noting the following deficiencies in plaintiff's initial case filings: (i) a completed financial disclosure statement was not provided; and (ii) the defendant is a government agency or employee, and summonses are required for the agency or employee, the U.S. Attorney General, and the U.S. Attorney Civil Process Clerk. The Clerk of Court was directed to provide plaintiff, and did provide plaintiff via United States Mail, with blank copies of the necessary forms listed in the deficiency order for plaintiff's completion. Plaintiff was directed to correct those deficiencies by returning the corrected documents no later than January 21, 2026. [DE-4] at 2. Plaintiff was warned that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." *Id.* To date, plaintiff has not made any additional filings in this case and, therefore, has not cured the noted deficiencies. Plaintiff has failed to respond to the court's January 7, 2026 order.

A court has the inherent power to dismiss a case *sua sponte* for lack of prosecution or failure to comply with a court order. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) ("Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order." (citations omitted)). However, "dismissal is not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Davis v. Williams*, 588 F.2d 69, 70) (4th Cir. 1978)).

Here, plaintiff has failed to respond to the deficiency order entered on January 7, 2026. [DE-4]. Plaintiff was warned that a failure to correct the noted deficiencies may result in dismissal of the case. Given these failures, it appears plaintiff lacks the intent to prosecute her claims at this time. Accordingly, it is RECOMMENDED that the case be DISMISSED for failure to prosecute and to comply with the court's order.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff. Plaintiff shall have until **February 6, 2026**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar defendant from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 23rd of January, 2026.

_____

Brian S. Meyers
United States Magistrate Judge

3